An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL GARROW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62516

**FILED**

OCT 16 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Michael Garrow argues that the district court erred by denying his petition, in which he alleged that his counsel was ineffective on multiple grounds. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both deficiency and prejudice must be demonstrated, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and are not clearly wrong but review the court's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31036

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Garrow argues that trial counsel was ineffective for failing to hire an expert witness to dispute ownership of the stolen sports cards as Marcel Bilak, the owner of the store, testified that he did not keep an exhaustive inventory of which sports cards were in his possession. At an evidentiary hearing on this claim, Garrow presented testimony regarding industry standards for tracking inventory of sports cards, and the district court found that the testimony established that the industry standard for cataloguing inventory was that there was no industry standard, that an expert's testimony would not have added to the testimony that was offered at trial by Bilak, and that Garrow failed to demonstrate that his counsel's conduct fell below an objective standard of reasonableness. We conclude that the district court did not err by determining that counsel was not ineffective.

Second, Garrow claims that trial counsel was ineffective for failing to hire an identification and memory expert to dispute the suggestive video identification. Garrow failed to demonstrate that counsel's performance fell below an objective standard of reasonableness as Bilak and Johnny Hansen identified Garrow as they viewed surveillance video with a detective immediately after the robbery/burglary. Garrow also failed to demonstrate prejudice. Evidence was presented that Garrow had mentioned he wanted to rob the store, that Garrow's alibi was contradicted, that the owner of the store alerted

officers that someone on eBay was attempting to sell the stolen sports cards, and that the IP address for the seller on eBay was traced to Garrow's personal computer at his residence, where officers later recovered hundreds of stolen sports cards. Garrow failed to demonstrate a reasonable probability of a different outcome had counsel hired an identification and memory expert.[1] Therefore, the district court did not err by denying this claim.

Third, Garrow argues that trial counsel was ineffective for failing to call any witnesses to dispute that he was the suspect in the surveillance video after a witness to the crime, the store owner, and a store employee all identified Garrow as the suspect on the video. Garrow failed to demonstrate that counsel's performance was deficient or that he was prejudiced. Garrow made a bare claim that counsel was ineffective for failing to call witnesses but did not provide the names of any witnesses or descriptions of their intended testimony. Bare claims are insufficient to demonstrate that a petitioner is entitled to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Therefore, the district court did not err in denying this claim.

Fourth, Garrow claims that trial counsel was ineffective during his cross-examination of the store owner in that counsel opened the

---

[1]To the extent that Garrow claims that the district court erred in denying his expert witness fees and failing to conduct an evidentiary hearing, we discern no error.

door to evidence of prior bad acts, specifically the details surrounding a previous business dispute between him and the store owner. Garrow failed to demonstrate that his counsel was ineffective. This court has stated that "a tactical decision . . . is 'virtually unchallengeable absent extraordinary circumstances.'" *Doleman v. State*, 112 Nev. 843, 848, 921 P.2d 278, 280-81 (1996) (quoting *Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990), *abrogated on other grounds by Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000)). The district court found that, by opening the door, trial counsel strategically argued that Garrow had no motive to commit the robbery/burglary because he had settled a previous dispute with the store owner quickly and civilly. Additionally, given the substantial evidence of Garrow's guilt, he is unable to demonstrate prejudice from counsel's decision to open the door to the testimony.

Fifth, Garrow argues that trial counsel was ineffective for failing to object to offensive testimony elicited by the State on redirect examination of the store owner, after trial counsel had opened the door to the testimony. Garrow failed to demonstrate that counsel's performance was deficient or that he was prejudiced. On direct appeal, this court rejected Garrow's argument that the details of the business dispute were inadmissible, concluding that Garrow was estopped from asserting such a challenge after the door to the testimony had been opened. *Garrow v.*

*State*, Docket No. 57665 (Order of Affirmance, February 8, 2012). Therefore, the district court did not err in denying this claim.[2]

Sixth, Garrow argues that the cumulative errors of trial counsel warrant relief. As Garrow has not asserted any meritorious claims of error, there is no error to cumulate.

Having considered Garrow's arguments and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Douglas W. Herndon, District Judge
      Langford McLetchie LLC
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]We are unconvinced by Garrow's argument that, had counsel objected and preserved the issue for appeal, a different standard of review would have affected the outcome of his direct appeal.